Edward F. Crawford, J.
Respondents moved to dismiss this CPLR article 78 proceeding upon the ground that it was not brought within the four-month Statute of Limitations provided by CPLR 217.
The special proceeding was brought upon an order to show cause granted November 20, 1974 to review, among other *1019 things, the determination made by the Board of Estimate and Apportionment of the City of Utica on or about January 3, 1974 abolishing the position of senior stenographer in the Department of Assessment & Taxation of the City of Utica, effective January 18, 1974.
Respondents failed to raise the defense of Statute of Limitations in their answer or by motion made prior to the time to answer; nor have respondents sought leave to amend their answer. By reason of the failure of respondents to raise the defense of Statute of Limitations in one of those fashions, the court is of the opinion that the defense has been waived and the motion made by respondents is, accordingly, denied.
In making its decision, the court notes the provisions of CPLR 7804 (subd [a]), 103 (subd [b]), 3018 (subd [b]) and 3211. CPLR 7804 (subd [a]), denominates an article 78 proceeding as a special proceeding. CPLR 103 (subd [b]) states that: "Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” CPLR 3211 permits a motion to dismiss on the grounds of the Statute of Limitations to be brought but CPLR 3211 (subd [e]) states that any such defense is waived unless raised either by such motion or in the responsive pleading. This is consistent with CPLR 3018 (subd [b]) which specifically requires the defense of Statute of Limitations to be pleaded as an affirmative defense.
In deciding this motion, the court is not making a decision with respect to the underlying proceeding which was heretofore referred to a referee to hear and report.